UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GALLEGOS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. WHITTEN, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00745-EPG (PC)<br><br>ORDER PERMITTING PLAINTIFF TO PROCEED ON FAILURE TO PROTECT CLAIMS AGAINST DEFENDANTS WHITTEN AND DEJESUS<br><br>(ECF No. 1) |

Plaintiff Jesus Gallegos is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 5). His complaint, filed on June 18, 2025, alleges that Defendants J. Whitten and R. Dejesus failed to protect him from being assaulted by a fellow inmate. (ECF No. 1).

The complaint is now before the Court for screening. Upon review, the Court will permit Plaintiff to proceed on his claims that Defendants Whitten and Dejesus failed to protect him from the inmate's assault in violation of the Eighth Amendment.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),

(2). Additionally, as Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a claim on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i-iii). (ECF No. 5).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT[1]

Plaintiff alleges that the events described below occurred at Valley State Prison (VSP). He sues VSP correctional officers (1) J. Whitten and (2) R. Dejesus.

Plaintiff "was classified as an inmate in protective custody (sensitive needs yard) housed on Facility B [and] needing protection from active gang members." (ECF No. 1, p. 4). Defendants were assigned as Facility B security patrol officers and were assigned to escort two active gang members named Solito and Williams from "Receiving and Release."

On July 3, 2024, Plaintiff "was walking to college through the designated work change area" while the Defendants were escorting Solito and Williams. (*Id.* at 5). Plaintiff contends that "Receiving and Release SGT" had informed Defendants that Solito and Williams were

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

going to attack sensitive needs inmates on Facility B. (*Id.*).

Whitten allegedly made the following comment to Solito and Williams, "You guys going to assault someone so we can move you off the yard, you don't want to be around these (P.C.)" (*Id.*). This comment "incited violence, as both inmates dropped their personal belongings, and ran through work change while one ran towards Plaintiff . . . to attack him," while the other attacked a different inmate. (*Id.*).

Plaintiff alleges that William is the inmate that attacked him, which "caused Plaintiff's injuries, including several blows to the head, a black eye and severe bruising to the facial/neck area causing neck (cervical spinal injury) and loss of consciousness." (*Id.*).

Defendants allegedly "stood by while Plaintiff was beaten unconscious over a period of 'eight to twelve minutes,' resulting in serious injuries and hospitalization," ultimately requiring treatment at "Madera County Emergency Hospital." (*Id.*). Defendants "stood watching while holding a state issued pepper spray canister without deployment while the inmate struck Plaintiff . . . with several blows to the head/facial area and body subsequently causing loss of consciousness." (*Id.*). Further, Defendants did not order Williams to stop assaulting Plaintiff "or radio central control until several minutes into the incident." (*Id.* at 6). "Plaintiff has suffered and continues to suffer extreme headaches, dizziness, and diminished vision, and memory loss, pain from bruised arms, neck pain and numbness to his body." (*Id.*). Citing these allegations, Plaintiff alleges that Defendants failed to protect him in violation of the Eighth Amendment. (*Id.*).

Plaintiff seeks declaratory, injunctive, and monetary relief, including $100,000 in compensatory damages. (*Id.* at 4, 7, 8).

Plaintiff separately filed exhibits which he references in his complaint. (ECF No. 7). Generally, they consist of a Rules Violation Report relating to Williams's assault of Plaintiff, grievance documents Plaintiff filed concerning the incident, and Plaintiff's medical records.

### III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.    Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658,

691, 695 (1978).

B.     **Failure to Protect**

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." *Farmer*, 511 U.S. at 832 (citation and quotation marks omitted). Among other things, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 834 (citation and quotation marks omitted). To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Id.* at 837.

"'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847). "[I]n order to satisfy the objective prong, it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm he actually suffered need not have been the most likely result among this range of outcomes." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1076 (9th Cir. 2013).  Additionally, the Ninth Circuit has found an Eighth Amendment claim where an inmate alleged that prison officials "labeled him a 'snitch' with the intent of having [him] killed by inmates." *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989). *See also Crane v. Gonzales*, No. CV F 03 6339 OWW WMW P, 2008 WL 2168927, at *3 (E.D. Cal. May 23, 2008), *report and recommendation adopted*, 2008 WL 2676780 (E.D. Cal. June 30, 2008) (finding cognizable Eight Amendment claim where prison official labeled an inmate a child molester and incited inmates to harm him).

With these standards in mind, the Court finds that Plaintiff's complaint alleges sufficient facts to proceed past screening on a claim for failure to protect in violation of the Eighth Amendment against Defendants Whitten and Dejesus. Plaintiff alleges, among other things, that Defendant Whitten stated to the alleged gang members, "You guys going to assault someone so we can move you off the yard, you don't want to be around these (P.C.)" (ECF No. 1, p. 5). This commented "incited violence, as both inmates dropped their personal belongings, and ran through work change," with Williams violently assaulting Plaintiff. (*Id.*). And during this attack, both Whitten and Dejesus stood by while Williams beat Plaintiff unconscious over a span of "eight to twelve minutes," which resulted in serious injuries to Plaintiff requiring hospitalization. (*Id.* at 5). Moreover, Plaintiff alleges that Defendants did not use available pepper spray to stop the attack nor "radio central control until several minutes into the incident." (*Id.* at 6).

Liberally construing the allegations for purposes of screening, the Court concludes that Plaintiff has sufficiently stated a claim that Defendants Whitten and Dejesus failed to protect him in violation of the Eighth Amendment.[2]

### IV. CONCLUSION AND ORDER

For the reasons given above, IT IS ORDERED as follows:

1. This case shall proceed on Plaintiff's claims that Defendants Whitten and Dejesus failed to protect him from an inmate assault in violation of the Eighth Amendment.

\\\
\\\
\\\
\\\
\\\

---

[2] Plaintiff's complaint indicates that he wishes to pursue his claims under "threat/failure to protect" and "deliberate indifference" theories. (ECF No. 1, pp. 6-7). However, as described above, deliberate indifference is an element for a claim for failure to protect under the Eighth Amendment, and is not a separate claim.

2. As the Court has concluded that Plaintiff sufficiently states a claim for all of the claims raised in his complaint, the Court will issue an order regarding service of the complaint in due course.

IT IS SO ORDERED.

Dated: __December 23, 2025__        /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE